IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| COURTNEY McGEE CANNON, | ) | |
| | ) | |
| Plaintiff, | ) | Case Nos. |
| | ) | |
| v. | ) | 07-20138-CM-01 |
| | ) | 09-2075-CM |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

Pending before the court is *pro se* petitioner Courtney McGee Cannon's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 21), seeking to challenge the sentence imposed upon him by this court. The government has filed a Motion to Enforce Waiver of Collateral Attack (Doc. 23). For the reasons that follow, the court withholds a ruling on the motions, orders that counsel be appointed for petitioner, and makes other orders as set out below.

**I. Factual Background**

On September 25, 2007, the government charged petitioner with the knowing and wilful escape from the Grossman Community Corrections Center, in violation of 18 U.S.C. § 751. The Grossman Center is a half-way house in Leavenworth, Kansas, where petitioner had been serving out the remainder of his sentence for a 2005 possession of a firearm during a drug trafficking offense. Petitioner signed out of the Grossman Center on September, 18, 2007, shortly before he was scheduled to work. During the course of petitioner's shift at work, a Grossman Center employee called petitioner's place of work for an accountability check and was told that petitioner failed to show up for his scheduled shift. The Grossman Center employee called the petitioner's girlfriend's


phone, and reached petitioner. Petitioner told the employee he would not return to the half-way house. Petitioner was subsequently found and arrested.

On November 19, 2007, petitioner pled guilty to the escape charge and, in exchange for the plea, the government agreed to recommend a sentence within the applicable guideline range. The plea agreement contained a waiver of appeal and collateral attack, in which the petitioner waived his right to "challenge a sentence or otherwise attempt to modify or change his sentence," including bringing a motion under 28 U.S.C. § 2255. On March 4, 2008, this court sentenced petitioner to 37 months incarceration. Petitioner was sentenced as a Career Offender under United States Sentencing Guidelines (U.S.S.G.) § 4B1.1.

On February 10, 2009, petitioner filed this motion under 28 U.S.C. § 2255. He argues that *Chambers v. United States*, __ U.S. __, 129 S. Ct. 687 (2009), a January 13, 2009 decision from the United States Supreme Court, applies to his case and requires that he be resentenced.[1]

Petitioner argues that, under *Chambers*, his failure to report to work and subsequently return to the Grossman Center should not have been characterized as a crime of violence triggering the career offender provisions of the sentencing guidelines. Therefore, petitioner asks that his sentenced be modified in accordance with the ruling from *Chambers*.

---

[1] In *Chambers*, Deondery Chambers was convicted of robbery and battery and sentenced to report to prison for 11 weekends of incarceration. *Id*. at 690. He did not report on four weekends and was convicted of "failing to report to a penal institution." *Id*. The District Court for the District of Illinois treated the crime as a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e), and defendant appealed. The United States Supreme Court reversed, ruling that failure to report to a penal institution fell "outside the scope of ACCA's definition of 'violent felony,'" and therefore the sentencing enhancements under the ACCA did not apply to defendant's case. *Id*. at 693. In making this decision, the Court noted that "the crime amounts to a form of inaction, a far cry from the purposeful, 'violent,' and 'aggressive' conduct" that would qualify it as a "violent felony" under the ACCA. *Id*. at 692.

By way of its own motion, the government requests that the court enforce the waiver contained in petitioner's plea agreement.

## II.  Discussion

A court will hold a petitioner to the terms of a lawful plea agreement.  *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998).  Generally, a knowing and voluntary waiver of 18 U.S.C. § 2255 rights is enforceable.  *United States v. Cockerham*, 237 F.3d 1179, 1181–83 (10th Cir. 2001).  However, a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver.  *Cockerham*, 237 F.3d at 1187.  The court applies a three-pronged analysis to evaluate the enforceability of such a waiver, in which the court must determine: (1) whether the scope of the waiver covers the disputed issue; (2) whether the petitioner knowingly and voluntarily waived his rights; and (3) whether enforcement of the waiver would result in a miscarriage of justice.  *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

### A. Scope of the Waiver

In determining whether a disputed issue is within the scope of the waiver, courts look to the plain language of the plea agreement.  *United States v. Anderson*, 374 F.3d 955, 957–58 (10th Cir. 2004).  The court strictly construes the waiver and resolves any ambiguities against the government.  *Hahn*, 359 F.3d at 1343.

Petitioner's plea agreement (Doc. 16.), at paragraph 10, states:

> The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein (including the length and conditions of supervised release, as well as any sentence imposed upon a

revocation of supervised release). The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentenced imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

The court construes the plea agreement "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206. The terms of the waiver set out the limited circumstances in which he would be permitted to appeal or collaterally attack his sentence. Here, he argues that a Supreme Court decision, issued after he was sentenced, suggests he should not have been sentenced as a career offender. This argument falls squarely within the plea agreement waiver.

### B. Knowing and Voluntary

Petitioner does not suggest that his decision to enter into a plea agreement was not his own, and there is no evidence to suggest that petitioner's execution of the plea was not of his own free will. And the court's review of the terms of the agreement and the plea colloquy do not suggest that petitioner did not enter his agreement with the government knowingly and voluntarily.

### C. Miscarriage of Justice

Enforcing a waiver of appellate rights results in a miscarriage of justice if (1) the court considered an impermissible factor such as race; (2) the petitioner received ineffective assistance of

counsel with respect to the plea agreement; (3) the sentence exceeds the statutory minimum; or (4) the waiver is otherwise unlawful, meaning that the error seriously threatens the fairness, integrity, or public reputation of judicial proceeding. *Hahn*, 359 F.3d at 1327 (citing United State v. Olano, 507 U.S. 725, 732 (1993). Petitioner bears the burden of demonstrating that enforcement of a waiver would result in the miscarriage of justice. *United States v. Weeden*, Nos. 05-40042-01-JAR, 06-3064-JAR, 2007 WL 121405 at *3 (D. Kan. Jan 11, 2007). Only the fourth factor is applicable here.

In order to meet his burden, defendant would have to show, at a minimum, that *Chambers* applies to him retroactively. The Tenth Circuit has noted that the Supreme Court's interpretation and analysis of the ACCA's definition of a "violent felony," *see* 18 U.S.C. § 924(e)(2)(B), applies equally to the Guidelines definition of a "crime of violence," *see* USSG § 4B1.2(a). *United States v. Tiger*, 538 F.3d 1297, 1298 (10th Cir. 2008). And the Tenth Circuit has acknowledged that the *Chambers* holding undermined prior Tenth Circuit precedent that all escape convictions were crimes of violence. *See United States v. Charles*, __ F.3d __, 2009 WL 2436663 (August 11, 10th Cir. 2009) (vacating defendant's sentence on direct appeal and remanded for resentencing); *United States v. Harris*, No. 08-1090, 2009 WL 1610151 (10th Cir. June 10, 2009) (same). However, whether *Chambers* applies retroactively to entitle a petitioner to relief on collateral review has not yet been addressed by the 10th Circuit.[2]

Under circumstances similar to those presented here, the undersigned has held that the rule in *Chambers* does not apply retroactively. See *United States v. Damon Franklin*, Case No. 07-20112-

---

[2]Furthermore, if indeed the *Chambers* rule is retroactive, the Tenth Circuit has not addressed whether enforcing the waiver provision in a plea agreement and declining to modify a sentence would constitute a miscarriage of justice.

01-CM (D. Kan. May 4, 2009) (Doc. 21).  However, others within this district have more recently reached different conclusions.  *See United States v. Lonnie Hickmon*, Case No. 07-20042-JWL (D. Kan. July 29, 2009) (Docs. 24, 25); *United States v. Mitchell*, Case No. 95-10119-01-MLB (D. Kan. Apr. 2, 2009) (Doc. 47).  In both of the later cases, the government's position has been different than that stated in the instant motion.  This court concludes that additional briefing, to include current precedent and the parties' current positions on this narrow issue, would benefit the court.  The court will therefore appoint counsel for petitioner and set a briefing schedule in a separate order.

**IT IS SO ORDERED**.

Dated this 20th day of August 2009, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**